**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SECURENET SOLUTIONS GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TYCO INTEGRATED SECURITY LLC;<br>and SENSORMATIC ELECTRONICS, LLC,<br><br>Defendant. | Case No. 2:16-CV-1258<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff SecureNet Solutions Group, LLC states its Complaint against Tyco Integrated Security LLC and Sensormatic Electronics, LLC, and alleges as follows:

**THE PARTIES**

1. Plaintiff SecureNet Solutions Group, LLC is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business at 2073 Summit Lake Drive, Suite 155, Tallahassee, Florida 32317.

2. Defendant Tyco Integrated Security LLC is a limited liability company organized and existing under the laws of Delaware, with its principal place of business at 4700 Exchange Court, Suite 300, Boca Raton, Floria 33431.

3. Defendant Sensormatic Electronics, LLC d/b/a Tyco Security Products is a limited liability company organized and existing under the laws of Delaware, with its principal place of business at 4700 Exchange Court, Suite 300, Boca Raton, Floria 33431.

**JURISDICTION AND VENUE**

4. Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

5. This action is for patent infringement pursuant to the patent laws of the United States, 35 U.S.C. § 1, *et seq.* This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Personal jurisdiction exists generally over each Defendant because it has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Eastern District of Texas. Personal jurisdiction also exists specifically over each Defendant because it, directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets one or more products and/or services within the State of Texas, and more particularly, within the Eastern District of Texas, that infringe the patents-in-suit, as described more particularly below.

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b), because each Defendant has committed acts of infringement in the Eastern District of Texas and has transacted business in the Eastern District of Texas.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 7,737,837

8. Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

9. Plaintiff is the owner of all right, title, and interest in United States Patent No. 7,737,837, entitled "Hierarchical Data Storage Manager, Anonymous Tip Processing Engine, and a Vehicle Information Processing Engine for Security and Safety Applications," duly and legally issued by the United States Patent and Trademark Office on June 15, 2010 (the "'837 patent"). A true and correct copy of the '837 patent is attached hereto as Exhibit A.

10. The '837 patent generally describes and claims an alerting system for capturing sensory data from one or more sensors; processing the sensory data to detect primitive events; correlating two or more primitive events, the primitive events weighted by the attribute data of the sensors used to capture the sensory data; and to perform one or more actions based on the correlation performed in the correlating step.

11. Each Defendant has directly infringed and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '837 patent under 35 U.S.C. § 271 by making, using, offering to sell, selling, and/or importing into the United States the patented invention within the United States. Specifically, each Defendant has infringed and continues to infringe the '837 patent by making, using, offering to sell, selling, and/or importing into the United States the VideoEdge NVR Server Software, including model numbers ADVESWADD and ADVVSWM (the "Accused Instrumentalities").

12. Attached as Exhibit B is a claim chart showing how each Defendant infringes an exemplar claim of the '837 patent.

13. As a result of each Defendant's infringing activities with respect to the '837 patent, Plaintiff has suffered damages in an amount not yet ascertained. Plaintiff is entitled to recover damages adequate to compensate it for each Defendant's infringing activities in an amount to be determined at trial, but in no event less than reasonable royalties, together with interest and costs. Each Defendant's infringement of Plaintiff's exclusive rights under the '837 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT TWO
## INFRINGEMENT OF U.S. PATENT NO. 8,013,738

14. Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

15. Plaintiff is the owner of all right, title, and interest in United States Patent No. 8,013,738, entitled "Hierarchical Storage Manager (HSM) for Intelligent Storage of Large Volumes of Data," duly and legally issued by the United States Patent and Trademark Office on September 6, 2011 (the "'738 patent"). A true and correct copy of the '738 patent is attached hereto as Exhibit C.

16. The '738 patent generally describes and claims an alerting system and method for capturing sensory data from one or more sensors, processing the sensory data to detect primitive

events in the sensory data, correlating two or more primitive events to determine one or more correlated events, and performing one or more actions based on the correlation performed in the correlating step.

17. Each Defendant has directly infringed and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '738 patent under 35 U.S.C. § 271 by making, using, offering to sell, selling, and/or importing into the United States the patented invention within the United States. Specifically, each Defendant has infringed and continues to infringe the '738 patent by making, using, offering to sell, selling, and/or importing into the United States the Accused Instrumentalities.

18. Attached as Exhibit D is a claim chart showing how each Defendant infringes an exemplar claim of the '738 patent.

19. As a result of each Defendant's infringing activities with respect to the '738 patent, Plaintiff has suffered damages in an amount not yet ascertained. Plaintiff is entitled to recover damages adequate to compensate it for each Defendant's infringing activities in an amount to be determined at trial, but in no event less than reasonable royalties, together with interest and costs. Each Defendant's infringement of Plaintiff's exclusive rights under the '738 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT THREE
## INFRINGEMENT OF U.S. PATENT NO. 8,130,098

20. Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

21. Plaintiff is the owner of all right, title, and interest in United States Patent No. 8,130,098, entitled "Systems and Methods for Safety and Business Productivity," duly and legally issued by the United States Patent and Trademark Office on March 6, 2012 (the "'098 patent"). A true and correct copy of the '098 patent is attached hereto as Exhibit E.

22. The '098 patent generally describes and claims a safety system and method with one or more sensors for capturing sensory data; a data storage device for storing the sensory data; and one or more memories or a data processing unit to: process the sensory data, weighted by attribute data representing information about the sensors; detect primitive events in the sensory data; correlate two or more primitive events to determine one or more correlated events; and perform one or more actions to ensure that safety procedures are followed based on the correlation.

23. Each Defendant has directly infringed and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '098 patent under 35 U.S.C. § 271 by making, using, offering to sell, selling, and/or importing into the United States the patented invention within the United States. Specifically, each Defendant has infringed and continues to infringe the '098 patent by making, using, offering to sell, selling, and/or importing into the United States the Accused Instrumentalities.

24. Attached as Exhibit F is a claim chart showing how each Defendant infringes an exemplar claim of the '098 patent.

25. As a result of each Defendant's infringing activities with respect to the '098 patent, Plaintiff has suffered damages in an amount not yet ascertained. Plaintiff is entitled to recover damages adequate to compensate it for each Defendant's infringing activities in an amount to be determined at trial, but in no event less than reasonable royalties, together with interest and costs. Each Defendant's infringement of Plaintiff's exclusive rights under the '098 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT FOUR
## INFRINGEMENT OF U.S. PATENT NO. 8,354,926

26. Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

27. Plaintiff is the owner of all right, title, and interest in United States Patent No. 8,354,926, entitled "Systems and Methods for Business Process Monitoring" duly and legally issued by the United States Patent and Trademark Office on January 15, 2013 (the "'926 patent"). A true and correct copy of the '926 patent is attached hereto as Exhibit G.

28. The '926 patent generally describes and claims a business process monitoring system and method with one or more sensors for capturing sensory data; a data storage device for storing the sensory data; and one or more memories or a data processing unit to: process the sensory data to detect primitive events; correlate two or more primitive events, weighted by attribute data representing information about the sensors, to determine one or more correlated events; and to perform one or more actions to ensure that business processes are followed based on the correlation.

29. Each Defendant has directly infringed and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '926 patent under 35 U.S.C. § 271 by making, using, offering to sell, selling, and/or importing into the United States the patented invention within the United States. Specifically, each Defendant has infringed and continues to infringe the '926 patent by making, using, offering to sell, selling, and/or importing into the United States the Accused Instrumentalities

30. Attached as Exhibit H is a claim chart showing how each Defendant infringes an exemplar claim of the '926 patent.

31. As a result of each Defendant's infringing activities with respect to the '926 patent, Plaintiff has suffered damages in an amount not yet ascertained. Plaintiff is entitled to recover damages adequate to compensate it for each Defendant's infringing activities in an amount to be determined at trial, but in no event less than reasonable royalties, together with interest and costs. Each Defendant's infringement of Plaintiff's exclusive rights under the '926 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT FIVE
### INFRINGEMENT OF U.S. PATENT NO. 9,344,616

32.  Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

33.  Plaintiff is the owner of all right, title, and interest in United States Patent No. 9,344,616, entitled "Correlation engine for security, safety, and business productivity" duly and legally issued by the United States Patent and Trademark Office on May 17, 2016 (the "'616 patent"). A true and correct copy of the '616 patent is attached hereto as Exhibit I.

34.  The '616 patent generally describes and claims a monitoring system that receives sensory data from one or more sensors and analyzes the sensory data to detect one or more events in the sensory data. The events are correlated by the correlation engine by weighing the events based on attributes of the sensors that were used to detect the primitive events. The events are then monitored for an occurrence of one or more correlations of interest. Finally, one or more actions are triggered based on a detection of one or more anomalous events or events of interest. Events may come from sensory devices, legacy systems, third-party systems, anonymous tips, and other data sources.

35.  Each Defendant has directly infringed and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '616 patent under 35 U.S.C. § 271 by making, using, offering to sell, selling, and/or importing into the United States the patented invention within the United States. Specifically, each Defendant has infringed and continues to infringe the '616 patent by making, using, offering to sell, selling, and/or importing into the United States the Accused Instrumentalities.

36.  Attached as Exhibit J is a claim chart showing how each Defendant infringes an exemplar claim of the '616 patent.

37.  As a result of each Defendant's infringing activities with respect to the '616 patent, Plaintiff has suffered damages in an amount not yet ascertained. Plaintiff is entitled to recover damages adequate to compensate it for each Defendant's infringing activities in an amount to be determined at trial, but in no event less than reasonable royalties, together with interest and costs.

Each Defendant's infringement of Plaintiff's exclusive rights under the '616 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## PRAYER FOR RELIEF

Plaintiff requests entry of judgment in its favor against each Defendant for the following:

a) A declaration that each Defendant has, directly infringed one or more claims of the patents-in-suit;

d) An award of damages adequate to compensate Plaintiff for each Defendant's infringement of the patents-in-suit, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest and costs, in an amount according to proof;

e) An entry of a permanent injunction enjoining each Defendant, and its respective officers, agents, employees, and those acting in privity with it, from further infringement of the patents-in-suit, or in the alternative, awarding a royalty for post-judgment infringement; and

f) An award to Plaintiff of such other costs and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury.

Dated: November 10, 2016          Respectfully submitted,

/s/ *Charles Ainsworth*
Adam J. Gutride, Esq.
Seth A. Safier, Esq.
Todd Kennedy, Esq.
Anthony J. Patek, Esq.
Marie A. McCrary, Esq.
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 789-6390
Facsimile: (415) 449-6469
adam@gutridesafier.com
seth@gutridesafier.com
todd@gutridesafier.com

anthony@gutridesafier.com
marie@gutridesafier.com

Charles Ainsworth
State Bar No. 00783521
Parker Bunt & Ainsworth
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687
charley@pbatyler.com

ATTORNEYS FOR PLAINTIFF